United States District Court
Southern District of Texas
**ENTERED**
September 26, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. 2:10-63-2 |
| | § | CA. No. 2:16-108 |
| JUAN GUTIERREZ, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Juan Gutierrez (Gutierrez) filed a motion vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 61. The Government moved to dismiss. D.E. 74. Gutierrez filed a reply. D.E. 75.

### I. BACKGROUND

Gutierrez and his codefendants were arrested on December 31, 2009, after an investigation that began at the Border Patrol Checkpoint near Falfurrias, Texas. A tractor-trailer carrying approximately 207 kilograms of marijuana was detained at the checkpoint. Gutierrez was traveling with two others separately from the tractor-trailer and was detained shortly after the marijuana was discovered. Gutierrez, the driver of the vehicle he was in, and the tractor-trailer driver were arrested.

Gutierrez made his initial appearance in federal court on January 4, 2010, and was appointed counsel. Gutierrez was one of three defendants charged in Count One with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana and in Count Two with possession with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B).

1

Gutierrez pled guilty in February 2010 to Count One pursuant to a written Plea Agreement.[1] D.E. 25. The Probation Department prepared a Presentence Investigation Report (PSR). Gutierrez' base offense level was calculated based upon the quantity of marijuana seized, 207.07 kilograms, which resulted in an offense level of 26. Probation added four levels for Gutierrez' role as a leader/organizer. After credit for acceptance of responsibility, his total offense level was 27; however, Gutierrez had two previous drug convictions, one federal conviction for possession with intent to distribute marijuana and one Florida conviction for possession of cannabis with intent to sell or deliver. As a result of those two convictions, Gutierrez qualified as a career offender pursuant to U.S.S.G. § 4B1.1. His offense level was increased to 34 (31 after credit for acceptance of responsibility), and his criminal history category automatically became VI. His resulting sentencing guideline range was 188 to 235 months' imprisonment.

At sentencing, defense counsel argued that Gutierrez' criminal history was overstated because he had only two prior convictions and his actual criminal history was IV. The Court sentenced Gutierrez to 188 months' imprisonment, followed by five years' supervised release, and a special assessment of $100. Gutierrez did not appeal. Judgment was entered on the docket on May 28, 2010. Gutierrez filed the present motion on March 28, 2016.

## II. MOVANT'S CLAIMS

Gutierrez challenges his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015), on the grounds that his prior convictions were violent felonies and no longer qualify as predicate offenses. He argues that his motion is timely because it was filed less than a year after *Johnson* was decided.

---

1. Gutierrez' plea agreement waived his right to appeal or to collaterally attack his conviction pursuant to a § 2255 motion. *Id*., ¶ 7. Gutierrez' reply argues that *Johnson* invalidated his waiver. *See* D.E. 75, p. 3.

The Government moved to dismiss Gutierrez' motion on multiple grounds: (1) he waived his right to file the motion by the terms of his plea agreement, (2) *Johnson* does not apply to Sentencing Guideline challenges generally and specifically does not apply to career enhancement for drug trafficking crimes, and (3) because *Johnson* does not apply, Gutierrez' motion is untimely.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[2] 28 U.S.C. § 2255(f). The Fifth

---

2. The statute provides that the limitations period shall run from the latest of:

(1) *the date on which the judgment of conviction becomes final*;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action,
(3) *the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or

3

Circuit and the Supreme Court hold that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Gutierrez' judgment became final on June 10, 2010, ten business days after judgment was entered on the docket. *See* FED. R. APP. P. 4(b)(1). He was required to file his motion to vacate no later than one year from that date, or on or before June 10, 2011. Gutierrez' motion was filed no earlier than March 28, 2016, the day on which the certificate of service is dated. Rule 3(d), 2255 Rules. Unless an exception applies to the standard limitations period, Gutierrez mailed his motion nearly six years too late.

### C. *Johnson* Claims

Gutierrez was sentenced to the low-end of the sentencing guideline range based upon his career offender status pursuant to the Sentencing Guidelines Manual § 4B1.1.

A defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a *controlled substance offense*.

U.S.S.G. § 4B1.1(a) (emphasis added). Because Gutierrez had two prior felony controlled substance offenses, he qualified under this provision.[3]

---

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

3. In response to the Government's motion, Gutierrez argues that recent Fifth Circuit authority invalidates one of his drug convictions pursuant to *United States v. Hinkle*, 2016 WL 4254372 (5th Cir. August 11, 2016). But Gutierrez was not convicted of a Texas controlled substance offense. He was convicted of federal conspiracy to possess with intent to distribute pursuant to the same statutes applicable in this case. Gutierrez was also convicted in Florida of possession of cannabis with intent to sell or deliver.

The *Johnson* Court held that the residual clause defining a crime of violence in 18 U.S.C. § 924(e) (known as the Armed Career Criminal Act or ACCA) was unconstitutionally vague. *Johnson v. United States*, 135 S.Ct 2551 (2015). However, Gutierrez was not sentenced or enhanced based upon a crime of violence. *Johnson* has no application to Gutierrez' sentence and does not extend limitations. As a result, Gutierrez' motion is untimely, and the Court may not adjudicate his claims on the merits.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Gutierrez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Gutierrez cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (D.E. 74) is **GRANTED**, Gutierrez' motion to vacate, set aside, or correct sentence (D.E. 61) is **DENIED**, and Gutierrez is **DENIED** a Certificate of Appealability.

It is so **ORDERED**.

**SIGNED** this 26th day of September, 2016.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE