United States District Court
Southern District of Texas
**ENTERED**
October 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:03-367-2 |
| | § | CRIMINAL NO. 2:10-63-2 |
| JUAN GUTIERREZ, | § | |
|   Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Juan Gutierrez' Motion for Compassionate Release Pursuant to Title 18 U.S.C. Section 3582(c)(1)(A), to which the United States of America (the "Government") has responded and Defendant has replied. 2:03-CR-367-2, D.E. 43, 44, 47; 2:10-CR-63-2, D.E. 121, 122, 123, 124.

### I. BACKGROUND

In 2004, Defendant was convicted of conspiracy to possess with intent to distribute 197 kilograms of marijuana in Cause No. 2:03-CR-367-2 and sentenced to 51 months' imprisonment plus 5 years' supervised release. He was released from prison in 2007 and began his term of supervision. In 2010—while he was still on supervision—Defendant was convicted of conspiracy to possess with intent to distribute 207 kilograms of marijuana in Cause No. 2:10-CR-63-2 and sentenced to 188 months' imprisonment. At the same hearing, Defendant's supervised release in 2:03-CR-367-2 was revoked, and he was sentenced to an additional three months' imprisonment, to be served consecutive to his sentence in Cause No. 2:10-CR-63-2.

Defendant has served roughly 129 months (68%) of the aggregate 191-month sentence pronounced in 2010 and has a projected release date, after good time credit, of October 28, 2022. He now moves the Court to reduce his sentence to time served because his underlying medical

1

conditions (hypertension, type 2 diabetes, hypothyroidism, anxiety, panic attacks, and high cholesterol) make him particularly vulnerable to severe illness or death should he contract COVID-19 while in prison. Defendant submitted an administrative request for compassionate release with the Bureau of Prisons, but the warden at FCI La Tuna denied his request on July 23, 2020. Defendant then filed an administrative appeal, which was also denied.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.—**The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>> (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

**(A) Medical Condition of the Defendant.—**

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**

The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**

As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the

3

safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

> With respect to motions for compassionate release based on COVID-19:
>
> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

### III. ANALYSIS

Defendant is 47 years old. He has offered evidence that he suffers from type II diabetes and hypertension, among other things. According to the Centers for Disease Control and Prevention, people of any age who have type II diabetes are at an increased risk of severe illness from COVID-19, and people who have hypertension might be at an increased risk. *People with Certain Medical Conditions*, CDC (Oct. 6, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Defendant emphasizes that the offense of conviction was a drug trafficking offense, and there was no allegation that it involved violence or weapons. He also claims to have had a clean prison disciplinary record over eight years. While incarcerated, he has completed over a dozen educational courses, including the Residential Drug Abuse Program. Finally, Defendant says he will return home and live with his mother if released.

The Government acknowledges that Defendant is at increased risk for severe illness from COVID-19 by virtue of his diabetes and hypertension, but argues that the BOP has undertaken extensive efforts to mitigate the risks that COVID-19 poses to the inmate population. As of October 19, 2020, FCI La Tuna has 2 active inmate COVID-19 cases out of 737 total inmates. The Government further argues that granting compassionate release would endanger the safety of the community, as Defendant has demonstrated an inability to abide by society's laws by trafficking a massive quantity of marijuana in 2004 and committing the same crime in 2009 while on supervised release.

While Defendant is at an increased risk of severe illness should he contract COVID-19, the Court nonetheless finds that the § 3553(a) factors, as considered in the specific context of the facts of his case, do not warrant a reduction in his sentence. In Case No. 2:10-CR-63-2, Defendant was found to be an organizer/leader of a criminal activity that involved five or more participants. He was also sentenced as a career offender due to his prior drug trafficking conviction in 2:03-CR-367-2 and a separate 2003 conviction in Florida state court for trafficking in cannabis. Contrary to Defendant's assertion that he "has a clean disciplinary record of over 8 years," his prison disciplinary record shows that he was sanctioned for assaulting and causing serious injury to another inmate in 2013 and for failing to follow safety regulations in 2015. Releasing Defendant five years early would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release Pursuant to Title 18 U.S.C. Section 3582(c)(1)(A) (2:03-CR-367-2, D.E. 43; 2:10-CR-63-2, D.E. 121) is **DENIED**.

It is so **ORDERED** this 20th day of October, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE