United States District Court
Southern District of Texas
**ENTERED**
November 17, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| Plaintiff, § | |
| § | |
| v. § | **CRIMINAL NO. 2:03-367-2** |
| § | **CRIMINAL NO. 2:10-63-2** |
| **JUAN GUTIERREZ,** § | |
| Defendant. § | |

**ORDER**

Pending before the Court is Defendant Juan Gutierrez' Motion for Reconsideration, wherein he moves the Court to reconsider its prior order denying compassionate release based on the current COVID-19 pandemic. 2:03-CR-367-2, D.E. 49; 2:10-CR-63-2, D.E. 126.

**I. BACKGROUND**

Defendant previously moved the Court for compassionate release based on extraordinary and compelling circumstances because his underlying medical conditions (hypertension and type 2 diabetes) make him particularly vulnerable to severe illness or death should he contract COVID-19 while in prison. The Court denied the motion, explaining:

> While Defendant is at an increased risk of severe illness should he contract COVID-19, the Court nonetheless finds that the § 3553(a) factors, as considered in the specific context of the facts of his case, do not warrant a reduction in his sentence. In Case No. 2:10-CR-63-2, Defendant was found to be an organizer/leader of a criminal activity that involved five or more participants. He was also sentenced as a career offender due to his prior drug trafficking conviction in 2:03-CR-367-2 and a separate 2003 conviction in Florida state court for trafficking in cannabis. Contrary to Defendant's assertion that he "has a clean disciplinary record of over 8 years," his prison disciplinary record shows that he was sanctioned for assaulting and causing serious injury to another inmate in 2013 and for failing to follow safety regulations in 2015. Releasing Defendant five years early would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from further crimes.

Memorandum Opinion & Order ("MO&O"), 2:03-CR-367-2, D.E. 48; 2:10-CR-63-2, D.E. 125.

Defendant now moves the Court to reconsider its decision.

1

## II. ANALYSIS

Defendant argues that "[t]his court's failure to consider material facts and dispositive legal arguments presented before entry of a judgment warrants reconsideration of this court's Order." Motion, p. 7. Specifically, Defendant claims the Court failed to consider evidence of his significant rehabilitation while incarcerated and the fact that he has been without any disciplinary incidents in the last five years. He has also offered evidence that his Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) score, which the BOP uses to predict an inmate's risk of reoffending, is low. *Id.*, p. 16. He has also offered an undated Inmate Bulletin stating that FCI La Tuna is operating under modified conditions after staff members tested positive for COVID-19. *Id.*, p. 18.

Contrary to Defendant's claim, the Court did previously consider evidence of his rehabilitation, recognizing that, "[w]hile incarcerated, he has completed over a dozen educational courses, including the Residential Drug Abuse Program." MO&O, p. 5. As set forth *supra*, the Court also noted that Defendant's most recent disciplinary infraction was in 2015. *Id.*, p. 6. Having reconsidered its prior decision in light of Defendant's current arguments regarding his PATTERN score, the Court has not altered its opinion that releasing Defendant early would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a)(1)-(7).

## III. CONCLUSION

For the reasons set forth above, Defendant's Motion for Reconsideration (2:03-CR-367-2, D.E. 49; 2:10-CR-63-2, D.E. 126) is **DENIED**.

It is so **ORDERED** this *16* day of *November*, 2020.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE